Mitchell *v.* Otey et ux.

BENJAMIN M. MITCHELL *vs.* PAUL H. OTEY et ux.

The provisions of the 5th section of the "Married woman's law" of 1846, (Hutch. Code, 498,) do not oust the original jurisdiction of courts of equity in cases affecting the separate estates of married women.

A creditor, therefore, of a married woman, may assert his demand against the husband and wife at law or in equity, at his election; the two jurisdictions being concurrent in such cases.

In cases where courts of equity had original jurisdiction, and the legislature provides a remedy at law in the same class of cases, without taking away the equity jurisdiction, the remedy will be held to be concurrent in both jurisdictions.

In error from the circuit court of La Fayette county; Hon. Hugh R. Miller, judge.

The facts of the case are sufficiently stated in the opinion of the court.

*Howry & Hayes,* for plaintiff in error.

This is a proceeding in equity, to subject the proceeds and income of the separate property of the wife to the payment of a debt contracted by defendants, for necessary supplies for the plantation and slaves of the wife, furnished by complainant.

The bill is demurred to, and demurrer sustained.

Is complainant's remedy at law, or in equity? is the only question presented by the demurrer.

1. That a court of equity originally had jurisdiction of the subject-matter in controversy, see 2 Story's Eq. Jur. § 1397, 1399.

2. That such jurisdiction remains unimpaired, unless there be be some legislative enactment prohibiting its exercise, see 1 Story's Eq. Jur. § 80; and that the act of 1846 contains no such prohibition, but gives concurrent jurisdiction to courts of law, see Acts 1846, p. 153, sec. 5.

3. The remedy in equity is more perfect; numerous authorities might be adduced to show that courts of equity alone have jurisdiction. Judge Story gives the law as settled by the

decisions. 2 Story's Eq. Jur. § 1397. " At law a married woman during coverture is generally incapable of entering into any contract to bind either her person or estate." 2 Ib. § 1399. . " A wife's separate estate will, in equity, be held liable for all the debts, charges, incumbrances, and other engagements, which she does expressly or by implication charge thereon ; her agreement is not an obligatory contract, for as a *feme covert*, she is incapable of contracting, but is rather an appointment out of her separate estate. The power of appointment is incident to the power of enjoyment of her separate property, and every security thereon executed by her is to be deemed as an appointment *pro tanto* of the separate estate." In the case of *Davis & Wife* v. *Foy*, 7 S. & M. 67, it was held, " That the wife could not be sued at law, and that the effect of the woman's law is not to extend her power of contracting or binding herself and property ; its effect is to take away all power of subjecting her property, except in the particular mode specified in the statute."

The same principle is established by the case of *Frost* v. *Doyle & Wife*, 7 S. & M. 75 ; and the latter case was a proceeding in equity to subject the separate property of the wife, to the payment of a debt for necessaries furnished the plantation of the wife. The bill was demurred to and sustained, upon the grounds that the act of 1839 took away the power of binding herself or property as she could have originally done, and that the prescribed mode pointed out by the statute must be followed.

Had the statute of 1846 then been in existence, the demurrer would have been overruled, as the act of 1846 repeals the act of 1839 so far as to change the mode of charging the separate property of the wife, and leaves it as it existed prior to the passage of the act of 1839.

It is certain that, before the act of 1846, the remedy was in a court of equity to subject the separate property of the wife to the payment of any debt, and as that act is not prohibitory, the remedy is yet in equity, 1 Story's Eq. Jur. § 80 ; and by it jurisdiction is given to courts of law, where there are legal rights to be enforced. See acts 1846, p. 153, sec. 5. Ib. sec. 4

provides, " That contracts express or implied, for supplies for the plantation or slaves of the wife, made either by the husband or wife, shall be obligatory on them, and may be enforced against the proceeds and income of the separate property of the married woman."

But suppose the right of action is at law, then we say that the remedy at law is not "plain, adequate and complete." The relief that can be given at law is not specific and perfect. 1 Story's Eq. § 76. " The concurrent jurisdiction of equity has its origin in one of two sources; either the courts of law, although they have general jurisdiction in the matter, cannot give adequate, specific, and perfect relief; or, under the actual circumstances of the case, they cannot give any relief at all."

Is the remedy at law specific? A judgment at law binds all the property of the defendants, and cannot be entered up specifically to be levied of the proceeds and income of the separate property of the wife, which are alone liable for the satisfaction of her debts of this nature. But if a judgment at law could be entered up specifically, to be levied of the proceeds and income of the separate property of the wife, it would rest with the sheriff to determine what was the separate property, and what was the proceeds and income of the separate property. But in equity, the proceedings in this case are " *in rem*," as a court of equity without some statutory authority has no power against a *feme covert* " *in personam*," and can control her separate property. See 2 Story's Eq. Jur. 768, and notes.

By proceedings in equity, the property sought to be made liable, is specifically pointed out, and the defendant can at once contest the fact, whether the property sought to be charged with the debt is liable, and the decree would show the debt and what property was to be subjected to its payment; the remedy, therefore, is more perfect.

*H. A. Barr*, for defendant in error.

Without the act of 1846, (Hutch. Code, 498,) Mitchell would have had no remedy. *Davis et ux.* v. *Foy*, 7 S. & M. 64; *Frost & Co.* v. *Doyle et ux.*, 7 Ib. 68.

Mitchell *v.* Otey et ux. ·

But the act of 1846, gave him a remedy in the common law courts.    Hutch. Code, 498 ; *Robertson* v. *Ward,* 12 S. & M. 490.

From the language of the act of 1846, it may be inferred that a court of equity would have had jurisdiction if the matter in controversy had been of such a character as that the common law courts would have been excluded; but as the remedy at law was complete and adequate, there can be no pretence for the chancery jurisdiction.

Mr. Chief Justice SMITH delivered the opinion of the court.

This was a bill filed on the equity side of the circuit court for the county of La Fayette county, to subject the income and proceeds of the estate of a married woman ; held, under the provisions of the statute of the 15th of February, 1839, to the payment of a debt incurred by her husband, in the purchase of articles necessary for the support and preservation of such her separate estate.

By the 4th section of the statute of 1846, (Hutch. Dig. 498,) it is provided, that all contracts for the purchase of supplies for the plantation and slaves, or the slaves alone, owned by any married woman, made by the husband and wife, or either of them, shall be obligatory on both, and may be enforced against the income and proceeds of the separate estate of such married woman.

In the case at bar, the liability of the income and proceeds of the estate of Mrs. Otey, to the satisfaction of the appellant's demand, is not contested.    But it is insisted that his remedy is not by bill in equity, but by action at law.    This question is presented by the demurrer of the appellees, which was sustained in the court below.    It is the only question in the case.

Generally whatever pertains to the separate estate of a married woman, its liability for her debts, her capacity to dispose of the same, are the subjects of original equity jurisdiction.

The object of the appellant, by this proceeding, was to obtain satisfaction of his asserted demand out of the income

and proceeds of the separate estate of a married woman. His demand by express law was a charge upon the income and proceeds of her estate. Hence upon settled doctrine, the court, as a court of equity, had jurisdiction of the subject-matter in contest, unless its jurisdiction, as such, has been ousted by some express direction of the statute. 1 Story's Eq. Jur. § 80. Such, it is insisted, is the result of the legislation on the subject.

.It is said, that as the statute which subjects the income and proceeds of the estate of a married woman, held under the act of February, 1839, to the payment of certain debts contracted by herself and husband, jointly, or by either of them, gives the creditor a remedy by action at law, the remedy by bill in equity does not exist.

It is obvious that if the provision of the 5th section of the act of 1846, which in certain cases gives a remedy by action at law, had not been adopted, the remedy for the rights secured by the 4th section of the same statute would have been alone in equity. The terms in which the right to sue at law is given, do not by the most remote implication confine the creditor to such action alone. Indeed, the action at law is limited to cases in which " courts of common law would have jurisdiction of the subject-matter in controversy between unmarried persons ; " and thus by implication recognises the jurisdiction of the courts of equity in reference to the subject.

Upon the whole, we conclude that it was the design of the legislature to supply a concurrent remedy, by action at law, where such action was appropriate, to be resorted to by the party when he should deem it the best.

We therefore reverse the decree, and remand the case for further proceedings.